Good morning, Your Honor. It's almost good afternoon. I'm Karen Bucher. I represent Virgil Morris. On the day of Mr. Morris's sentencing hearing, he walked in the courtroom and had no idea that he was facing a mandatory life sentence. And this is Joan Hill, who's arguing that his counsel were ineffective for failing to inform him during the pre-negotiations that he was facing a mandatory life sentence. And the law provides that counsel not only needs to communicate Before you go down that road, we have a lot of case law in this circuit that suggests that on a direct appeal, ineffective assistance claims are not really, that's not the right place to be doing it. It should come after an evidentiary hearing where there's evidence to go into all of the relevant factors. For example, I don't know that there's any evidence in this case from the, or testimony from the first counsel. I don't think your client ever testified. So how is it right for us on this direct appeal to get into an IAC claim? I thought about that, Your Honor. And I think this record is fully developed to analyze this claim. The district court judge was surprised as well on the first day, on the day of sentencing. He was unaware that he was to oppose a mandatory life sentence. This concern, he directed counsel to file documentation concerning whether or not there were pre-negotiations, whether or not the defendant knew that he was facing a life sentence. He collected all this information. He reviewed it, the district court judge, and made specific findings. And based on, and also he spoke to counsel on the record. And based on all this together, I feel there's enough on this record to make a finding that this counsel was ineffective for not informing him that he was going to face a mandatory life sentence. Well, that was a little bit. Counsel, go ahead, Judge Fletcher. Well, it was a little ambiguous in the record as to what he did or did not inform the client about. And your record could be much strengthened by having testimony as to whether he had told his client that it was a viable defense, done planning and that kind of thing. And so it seems to me there are a lot of things, personally, that could have been developed in the record and should be developed to make sure that it is a case of incompetence. Yes. But what she made clear, what the attorney made clear, she said twice, I did not inform him of the mandatory life sentence. She said she talked about the range of sentences, but twice she was very clear that she did not inform him that he was going to face a mandatory life sentence. This is which counsel? It's Kerry Harper. Second counsel. Second counsel. What about first counsel? That didn't come out on the record except for I believe the government filed something to the effect that it was the federal public defender was involved early on and an offer was made and it was rejected. So we don't know whether. Counsel, go ahead. Go ahead. Well, I was just going to say, we don't know whether first counsel conveyed any information about mandatory life. You're right, Your Honor. That's not in the record. Go ahead. Counsel. I think I wrote an opinion called Geronimo that explained reasons why we normally do not consider the IAC issue on a direct appeal for reasons like the questions being raised by Judge Fisher and Judge Fletcher. But let me ask you this. I looked at your brief and it appeared to me that that you didn't cite the majority opinion in Geronimo, that you cited the dissent in Geronimo. You can understand why I wouldn't find that very persuasive. Am I right that your brief did not acknowledge the majority holding in Geronimo? I used that case to show that it's never it's not good strategic policy to not tell your client that they're facing a mandatory life term. I believe that was my recollection. Did you cite the dissent in that case? Yes, I did. And I'm certain I was clear in my briefing that I referred to Judge Verzon. Well, as as Judge Fisher said, we you know, we have a lot of cases that go down the road on this doctrine about wanting a full record in a habeas case. And I didn't see your brief really acknowledging that doctrine. I didn't, Your Honor, because the way that the proceedings happened in this case, the district court appeared to be moving towards a ineffective assistance issue, and that he was going to explore this. And that led me to believe that he was developing the record to see whether or not there was ineffective assistance counsel. And where he did receive evidence, he considered it and he made findings. He questioned the attorneys. The attorneys outright said, I did not tell him, I did not inform him that he's facing a mandatory life sentence. Especially the fact that he was the government offered him 15 years. And had he known that he was facing mandatory life and the government was offering him 15 years, he should have been able to know about the mandatory life term so he can consider it reasonably the offer. It's very rare for me. Then how do we know in following on Judge Fisher's question? How do we know that the first lawyer didn't tell him you're subject to mandatory life? And that he didn't say to his first lawyer, I don't care if I'm subject to that. I want to have my defense. And how do we know that to a certainty without any testimony of what the first lawyer said? And also a testimony affidavit of your client as to what his understanding was. The district court judge asked my client, did any lawyer tell you about the mandatory life term? And he said he couldn't recall, that he didn't understand and he didn't know. The bottom line is, on the first day of sentencing, he did not know that he was facing a life term. And the judge did ask him, did any of your lawyers tell you? And he said, if they did, I don't remember. Well, okay. That's a big hole in the case, isn't it? Combined with the fact that his current counsel was adamant that he did not know and she did not tell him. Well, that begs the question, though. I mean, the question is his understanding. Now, if it were that he had been told by the first counsel that he was exposed to mandatory life and the second counsel comes along and advises him affirmatively to the contrary, that would be one scenario. Or that the second counsel misled him into believing somehow that the first counsel's advice was wrong. That might be another question. But when did he reject? Wasn't there a Crawford plea at the outset? Yes, Your Honor. Pre-indictment, there was an offer. And that was handled by first counsel. Correct, Your Honor. So we don't know in that go-around whether, as Judge Gould postulated, he was advised and made at that point in an informed decision to turn down the initial plea. I mean, there's that big hole in the record, it seems to me. And I think the district court judge might have been aware of that. But you say might. The problem we're having here, I'm sympathetic to the fact that Judge Matz went down the road of exploring the issue. There's no question. The question is whether Judge Matz went far enough along the road to really develop the kind of record. This was not a formal evidentiary hearing, was it? Not in the true sense of the word. Right. I mean, he didn't go far enough along the road to really develop the record. He just took and he just, on his own, asked for certain information, certain evidence. It was produced. He reviewed it and he came up with his conclusion. OK. And I believe the record is sufficiently developed. But if it's not, then I would ask for a remand to develop the record. All right. Is that why it's court? I think. Well, you normally, as I understand it, would not develop the record on a remand on your direct appeal, but would bring a habeas case and develop the record there. So maybe it could be done. You're right. The facts in this case are so unique. The district court judge was treating this as if it was an ineffective assistance of counsel claim. And that's where I believe this Court has authority to remand it for the court to further develop the claim. All right. And, Your Honor, as far as the other issues, I feel they're fully briefed. If there's no other questions, I would submit. Thank you. I'll open it for Joe. Good afternoon, Your Honors. Joe Akrotirianakis on behalf of the United States. I think that this case, like the vast majority of cases, is one in which the claim of ineffective assistance of counsel should not be addressed on a direct appeal. And I think that there are a number of areas, in addition to the advice that the defendant's first attorney gave him, where the record needs to be further developed in order for there to be a full enough record for this Court to pass an ineffective assistance of counsel claim. I would highlight that although counsel a moment ago indicated that the district court was treating this as an ineffective assistance of counsel claim, that's not correct. No claim of ineffective assistance of counsel was ever made in the district court. No claim was otherwise before the court in that regard. The defendant's attorneys in the district court were not in a position and could not have been in a position to advocate their own ineffectiveness. What was the purpose of Judge Matz asking for this additional information? Yes, Your Honor. On page 38 of the appellant's excerpts, the – that's the hearing in – or it's a page out of the hearing in March of 2007, where we had come to court in my – or it was scheduled as a sentencing hearing. And prior to that hearing, I had asked Judge Matz's court and deputy clerk to make certain that the court arraigned the defendant on the Section 851 information prior to proceeding with the sentencing hearing because of the various procedures in Section 851 that would either – we would have to go down that road or not, depending on what the defendant's answers to the questions were. And that sort of started this in that direction because Judge Matz's working file that he kept in chambers did not contain a copy of the Section 851 information that the government had filed many months before. Thereafter, I think that Judge Matz was really trying to ensure himself that all of the proper procedures had been followed in this case, it being the weighty issue that it is and that the government recognizes that it is. Counsel, how do you respond to opposing counsel's suggestion that we read that – if we don't think the record's clear, that we remand in this appeal for the district court to supplement the record? Well, no claim of ineffective assistance counsel has been made in the district court, Your Honor. So it's not to say that the record as to an ineffective assistance of counsel claim needs to be supplemented. That claim simply was never before the court. There's nothing really for this court to review on a claim of ineffective assistance of counsel. There is a lot of record before this court, but it does not relate to an ineffective assistance of counsel claim. It relates to this other inquiry that Judge Matz was making. I don't think that it would be appropriate to remand this case for further findings of – concerning a matter of ineffective assistance of counsel, a claim that was never made. I don't think that Judge Matz thinks that that was a good idea. I think that he – that the record fairly read contains what I would characterize as a suspicion by Judge Matz that the defendant may have received improper advice concerning plea negotiations in this case, and that that's the reason why Judge Matz indicated that he would appoint counsel for the defendant on any 2255 petition. So the ordinary course, I believe, should be followed here. The defendant – this Court should affirm the conviction and sentence because there were no errors as with the trial. The sentence was mandated by law. If the defendant wants to raise a claim that he was improperly advised by one, two, or all of his lawyers, he can do that on – on a 2255 petition. And at that point, then, we will – we will be able to develop the record as to the many questions that remain open, including whether defendant's first counsel advised him of the potential of a mandatory minimum sentence if he rejected the – the pre-indictment offer, including whether the second and third attorneys advised the defendant about the government's offer to seek authority to re-extend the pre-indictment offer. That's in the record at – the excerpt of the record at 185. The advice that – that the defendant received from his second and third attorneys concerning the pretrial offer that the government made a week before trial commenced, the advice that – that the defendant was given by his trial counsel second chair about the – who kind of became first chair after trial and before sentencing about the post-trial offer that the government made to reopen plea negotiations after the conviction, the advice that – or actually the content of the unreported conference of counsel that took place in the middle of the sentencing hearing after the court indicated that it was prepared to make a finding that the government had proven all of the allegations in the Section 851 information and asked if there was anything more that needed to be discussed before sentence, and there was an unreported conference of counsel. We don't – we don't know from the record. I can tell you that the record does not contain the content of – of that conference. And then thereafter, the district court gave the – gave counsel for the defendant an opportunity either to – for a continuance at that point. Counsel conferred with the defendant at counsel table. That, too, the district court was very clear to put on the record that it should reflect that counsel was conferring with the defendant. We don't know what advice was given there. All of those questions remain unanswered. And until they are answered, I don't believe that – that the defendant can at any point satisfy the – the first prong, if you will, under Hill v. Lockhart or Strickland or any of the cases that talk about his burden here to establish that he – in the first instance, that he was not properly advised. And only then do we get to – to the – to the point where he would also have to demonstrate that but for – assuming there were unprofessional errors by counsel, that but for those errors, the defendant would have accepted a pretrial offer of a guilty plea, which I think on this record cannot be demonstrated, at least at this time. Okay. All right. Yes, Your Honor. No, I just said all right. I think that's the point. I'm prepared to address any – any of the other issues that – that were raised in the briefs. I – I share the belief that – that they are – oh, let me actually say one thing, because in preparing for – for this argument, I realized that I should have been perhaps more clear about something. The first claim that the defendant raises relates to the sufficiency of the evidence in support of Count 4, which was aiding and abetting the – the distribution of cocaine base on – on the last date alleged in the indictment, June 29. I want to make clear, because it could have perhaps been more clear in – in my opening brief, that the transaction simply would not have occurred without the defendant interjecting himself in it and without him offering to let me see if I can put this deal together for you and then brokering the transaction in the same way that he had the earlier two transactions alleged in the indictment. This – this last crack cocaine transaction simply would not have been – have been consummated. And so it is not as I think defense counsel attempts to characterize it, simply that the defendant provided – provided the confidential informant a phone number and nothing more. And if that had been it, that would be the end of the story. But that isn't it. In fact, on the date of the last transaction, the – the evidence viewed in the light favorable to the government is it must be established that the defendant knowingly stepped back into the transaction and literally procured Lederick Malone to consummate the transaction with the – with the confidential informant for the last – the last cocaine purchase. Unless the Court has other questions, the government would submit on its brief. I don't think so. Thank you. Thank you. No questions. I only have one brief comment regarding the IAC claim. It's my belief the judge was developing this case for a possible ineffective assistance claim based on his comments on ER 65, lines 12 through 18. It's a little odd to have the case on IAC come up with this incompetent counsel representing the defendant at that point. Yeah. No, to keep you right, Your Honor, the facts in this case are very unique and unusual. Okay. All right. Thank you very much. Counsel, we appreciate the argument. The case is submitted. The last case on calendar is Barrett v. Lamarck.
judges: Fletcher B. , Fisher, Gould